J-S15039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFONSO P. PEW | : | |
| | : | |
| Appellant | : | No. 824 EDA 2023 |

Appeal from the PCRA Order Entered December 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0729371-1991

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED JUNE 26, 2024**

Appellant, Alfonso P. Pew, appeals from the order denying his untimely serial petition seeking collateral relief from his 1992 convictions of murder in the second degree, robbery and related offenses, which was filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq. (the "PCRA"). The Court of Common Pleas of Philadelphia County dismissed the petition without a hearing because it failed to allege facts that would support an exception to the PCRA time bar. We affirm.

A panel of this Court set forth the relevant facts and procedural history on appeal from the Order entered on October 16, 1995, denying Appellant's first PCRA petition as follows:

> Appellant participated in a plot with Darrin Wilder and Sean Simpson to rob William Robinson, a drug dealer who was

_____

[*] Retired Senior Judge assigned to the Superior Court.

undercutting Wilder's drug sales. On March 16, 1991, [A]ppellant picked up Wilder at his apartment, and both met Simpson in the area. Wilder told Simpson they planned to rob and, if necessary, kill Robinson; Simpson agreed to assist them.

Later that afternoon, Simpson lured Robinson into an alley near the house of Simpson's girlfriend, Geraldine Oakes. Appellant and Wilder, who was masked and brandishing a gun, appeared in the alley and demanded money from Robinson. Appellant grabbed Robinson and held him, while Wilder hit him with the gun. When Robinson struggled free and jumped onto the porch of the Oakes' house, [A]ppellant and Wilder followed. Robinson tried to open the door but Ms. Oakes and Belinda Franklin held it shut. Wilder shot Robinson in the back, and as Robinson stumbled into the house, staggered up the stairs, collapsed and died, [A]ppellant and Wilder pushed their way inside. Wilder demanded money of the occupants, struck Ms. Franklin on the head with his gun, and fled with [A]ppellant.

Appellant and Simpson were brought to trial together; Darrin Wilder remained a fugitive. During jury selection, Simpson pled guilty to third degree murder and robbery. A new jury panel was seated and, at [A]ppellant's separate trial, Simpson testified as a Commonwealth witness. After the jury convicted [A]ppellant of second degree murder, robbery, burglary, possession of an instrument of crime, and violations of the Uniform Firearms Act, the court imposed a sentence of life imprisonment for the murder conviction. The court denied [A]ppellant's post-verdict motions and imposed a concurrent five to ten year prison sentence for robbery. This [C]ourt affirmed the judgment of sentence on August 20, 1993.

*Commonwealth v. Pew,* 3676 Philadelphia 1995, unpublished memorandum at 1–2 (Pa. Super. filed Oct. 28, 1996).

On September 16, 1993, Appellant filed a *pro se* PCRA petition. *Id*. at 2. Counsel was appointed and amended the petition. After two hearings, the court denied PCRA relief on October 16, 1995. *Id*. Among the claims raised in Appellant's first PCRA petition was an allegation that trial counsel provided

ineffective assistance by not requesting a continuance following Simpson's plea in order to produce witnesses to rebut Simpson's testimony against him, naming three putative witnesses, including Michael Corey Wilder. *Id*. at 6. This Court affirmed the denial of PCRA relief, and in so doing ruled in pertinent part:

> Appellant has never submitted affidavits from these uncalled witnesses nor did he call them to testify at the PCRA hearing. He has not even hinted at the substance of their testimony and how it would have helped his defense. … Moreover, trial counsel testified at the PCRA hearing that he attempted to find Michael Corey Wilder, the only witness [A]ppellant asked him to investigate. Wilder could not be found.

*Id*. at 7.

After this Court affirmed the denial of PCRA relief in 1996, Appellant filed numerous PCRA petitions. All of the petitions were denied. Only some of them were appealed. *See*, *e.g.*, *Commonwealth v. Pew*, 537 EDA 2013, 2014 WL 10786955, *1 (Pa. Super, filed Dec. 16, 2014) (appeal of dismissal of Appellant's fourth PCRA petition); *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018) (appeal of dismissal of Appellant's fifth PCRA petition).

On November 4, 2020, Appellant filed *pro se* the serial petition at issue now. In his petition, he alleged that he was denied a fair trial because the jury did not learn of the existence of Michael Corey Wilder when trial counsel attempted to ask Simpson who Michael Corley Wilder was but the trial court sustained the prosecutor's objection to the question. PCRA Petition, 11/4/20, 3-4; Trial Court Record, 230-231. He then couched this claim in terms of being

a violation of **Brady v. Maryland**, 373 U.S. 83 (1963), and as an "after discovered fact" because he was convicted of, but not charged with, "conspiracy of murder based on Commonwealth theory of Henry Darrien Wilder who I never was charged with or arrested for." PCRA Petition, 11/4/20, 8; Trial Court Record, 235. Appellant also checked a box claiming eligibility for relief because of the ineffective assistance of counsel. PCRA Petition, 11/4/20, 2; Trial Court Record, 228.

Appellant alleged that his claim was reviewable under either of two exceptions to the time bar because: (1) governmental interference prevented him from raising the claim sooner because the "existence" of Michael Corey Wilder "was concealed" from the jury by the prosecutor and trial judge when the court sustained the Commonwealth's objection and ordered the jury to disregard it; or (2) it is based on facts previously unknown to Appellant that PCRA and trial counsel "lied" about having searched for Michael Corey Wilder. PCRA Petition, 11/4/20, 3; Trial Court Record, 229.

On August 29, 2022, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 because Appellant had failed to plead one of the exceptions to the PCRA time bar. Rule 907 Notice, 8/29/22, 1-2; Trial Court Record, 249-250. It stated that the allegations around a sustained objection at trial did not amount to a claim that a government official interfered with the ability to raise the claim sooner as required by the statute, 42 Pa.C.S. § 9545(b)(1)(i). Rule 907 Notice, 8/29/22, 1; Trial Court Record, 249. It also explained that an ineffectiveness claim premised on the alleged

newly-discovered fact that counsel had not looked for Michael Corey Wilder, would not satisfy the exception because claims of prior counsel's ineffectiveness cannot serve to invoke the new fact exception in the statute, 42 Pa.C.S. § 9545(b)(1)(ii), and the remaining facts detailed in the attached affidavit had been known for decades. Rule 907 Notice, 8/29/22, 1-2; Trial Court Record, 249-250. On December 6, 2022, the PCRA court entered an order dismissing the petition. PCRA Court Order, 12/6/22; Trial Court Record, 252.

On February 6, 2023, Appellant filed a subsequent PCRA petition in which he explicitly requested leave to appeal *nunc pro tunc* from the December 6, 2022 PCRA order, due to significant delays in receiving service of the order. PCRA Petition, 2/6/23; Trial Court Record, 262. On March 1, 2023, the PCRA court granted the petition and ordered Appellant's right to an appeal "reinstated *nunc pro tunc*." PCRA Court Order, 3/1/23; Trial Court Record, 269.[1] Appellant filed a pro se notice of appeal on March 13, 2023.

Appellant raises three questions in his brief for review. Two refer to the merits of his claims for collateral relief. Only one refers (albeit indirectly) to the timeliness requirements of the PCRA or the statutory exceptions. Rewording the question for clarity, it is whether the PCRA court erred by

---

[1] In a footnote the PCRA court explained that it granted the relief because its December 6, 2022 dismissal order was belatedly delivered by certified mail on January 30, 2023, outside the thirty-day appeal window. PCRA Court Order, 3/1/23; Trial Court Record, 269 n.1.

dismissing the PCRA petition without an evidentiary hearing on the merits, where Appellant had filed the petition within 60 days of obtaining an affidavit from Michael Corley Wilder for whom it took 25 years to locate. Appellant's Brief, 9.

Where a petition was dismissed for not satisfying the timeliness requirements of the PCRA:

> …our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth v. Smallwood***, 155 A.3d 1054, 1059 (Pa. Super. 2017) (citations omitted).

***Pew***, 189 A.3d at 488. "Moreover, it is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Pridgen***, 305 A.3d 97, 101 (Pa. Super. 2023), ***appeal denied***, 2024 WL 2010557 (Pa., May 7, 2024).

The timeliness of a PCRA petition is a threshold jurisdictional matter that must be addressed. ***Commonwealth v. Gandy***, 38 A.3d 899, 902 (Pa. Super. 2012). The timeliness restrictions of the PCRA "are jurisdictional in nature and are to be strictly construed." ***Commonwealth v. Stokes***, 959 A.2d 306, 309 (Pa. 2008). Whether a petition is timely raises a question of law. ***See Commonwealth v. Fahy***, 959 A.2d 312, 316 (Pa. 2008). Our standard of review for a question of law is *de novo* and our scope of review plenary. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013). An untimely petition renders this Court without jurisdiction to afford relief. ***Taylor***, 65 A.3d at 468; ***Gandy***, 38 A.3d at 903.

Since 1996, any petition for relief under the PCRA, including a second or subsequent petition, "shall be filed within one year of the date on which the judgment of sentence becomes final." 42 Pa.C.S. § 9545(b)(1).[2] "Appellant's judgment of sentence became final on September 20, 1993, after the thirty-day period for filing an allowance of appeal to the Pennsylvania Supreme Court had expired." *Pew*, 2014 WL 10786955, *2. Thus, Appellant's serial petition, filed on November 4, 2020, was facially untimely by decades.

For review of the merits of any claim, Appellant had to plead and prove the applicability of one of the three exceptions to the PCRA timeliness requirements in the petition. *See* 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008); *Commonwealth v. Geer*, 936 A.2d 1075, 1078–1079 (Pa. Super. 2007). Where "the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Woods*, 179 A.3d 37, 42 (Pa. Super. 2017); *Taylor*, 65 A.3d at 468; *Perrin*, 947 A.2d at 1285.

In the petition, Appellant asserted that his claim was reviewable under the exception for governmental interference. PCRA Petition, 11/4/20, 4-5; Trial Court Record, 230-231. That statutory exception requires a petitioner to

---

[2] A "second or subsequent petition must present a strong *prima facie* showing that a miscarriage of justice may have occurred." *Stokes*, 959 A.2d at 309.

plead and prove that "the failure to raise the claim previously was the result of interference by government officials." 42 Pa.C.S. §9545(b)(1)(i). The PCRA court correctly ruled that Appellant did not adequately invoke the statutory exception:

> [Appellant] explained that the trial judge did not permit defense counsel to inquire about Wilder, who was initially a suspect, during cross-examination of Commonwealth witness Sean Simpson. ***See*** [PCRA Petition, 11/4/20] at 5 (unpaginated). [Appellant] failed, however, to even allege, much less demonstrate, that any government official interfered with his ability to challenge the trial court's ruling on direct appeal or collaterally. This omission was fatal to Petitioners attempt to satisfactorily invoke subsection 9545(b)(1)(i).

PCRA Court Opinion, 1.

Appellant also alleged a putative ***Brady*** claim in his petition. A "colorable ***Brady*** claim raised on serial collateral attack may qualify for review as an exception to the PCRA time-bar, depending upon the timing of the discovery of the alleged failure of the Commonwealth to disclose evidence, and whether the defendant diligently pursues the claim." ***Commonwealth v. Lesko***, 15 A.3d 345, 368 (2011). However, Appellant did not raise a colorable ***Brady*** claim. He explains in his Reply Brief that his claim was not a contention "that favorable evidence was suppressed from the defense. Rather, he contends simply that the trial court erred in excluding material of which the defense was aware, *i.e.*, that Michael Corey Wilder had initially been arrested before the police determined that [Appellant's] masked co-conspirator was Darrin Wilder." Reply Brief, 3. Because "[a] ***Brady*** claim is premised on the

Commonwealth's suppression of material evidence," ***Commonwealth v. Smith***, 17 A.3d 873, 888 (Pa. 2011), Appellant's reiteration of his claim as a complaint that the Commonwealth changed the theory of the case against him is neither a ***Brady*** claim nor an exception to the statutory time bar.

Appellant, also alleged in his petition that his claim was reviewable under the exception for newly-discovered facts, which requires a petitioner to demonstrate that the facts upon which his claim is predicated were previously unknown and he could not have learned those facts sooner by the exercise of due diligence. ***Commonwealth v. Bennet***, 930 A.2d 1264, 1271 (Pa. 2007); ***Commonwealth v. Lambert***, 884 A.2d 848, 852 (Pa. 2005). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). ***See also Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001).

Appellant asserted that he was unaware that trial counsel and PCRA counsel had "lied and said they could not find Michael Corey Wilder. They never searched." PCRA Petition, 11/4/20, 3; Trial Court Record, 229. The "unsworn declaration from Wilder averring, *inter alia*, that neither … trial counsel nor PCRA counsel contacted him," PCRA Court Opinion, 1, does not support the logical leap Appellant makes that prior counsel did not look for Wilder at all. Even if it did, however, it would only amount to a discovery of prior counsel's ineffective assistance with respect to a previously litigated claim, which would not invoke the new facts exception except in circumstances not herein present. ***Bennett***, 930 A.2d at 1273; ***Commonwealth v.***

- 9 -

*Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000); *Commonwealth v. Stahl*,

292 A.3d 1130, 1134 (Pa. Super. 2023).

We agree with the PCRA court's analysis that the remaining facts

proffered in the petition were previously known by Appellant:

> According to Wilder, following a misidentification, he was wrongly charged in connection with the death of William Robinson. *See* PCRA petition, 11/4/20 at Exhibit No. 1. Additionally, Wilder detailed how he was subsequently cleared, and Darrin Wilder was charged. *See id*. [Appellant] has been aware of these `facts' for decades. *See* Supplemental PCRA petition, 7/21/95 at 8 (unpaginated) (chronicling the shift of prosecutorial focus from Michael Corey Wilder to Darrin Wilder); *see also* Letter to counsel, 5/17/94 (detailing witnesses' misidentification of Wilder). Thus, because Petitioner was familiar with the evolution of charges in this case, Wilder's statement is merely a new source for previously-known facts, unavailing for purposes of subsection 9545(b)(1)(ii). *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (holding that the focus of section 9545(b)(1)(ii) "is on the newly discovered facts, not on a newly discovered or newly willing source lor previously known facts").

PCRA Court Opinion, 2.[3]

Accordingly, we affirm the PCRA court's order dismissing the petition as

untimely-filed and not within the scope of an exception to the PCRA time bar.

Order affirmed.

_____

[3] We note further that Appellant "failed to even attempt to establish that Wilder's statement was previously unascertainable." PCRA Court Opinion, 2. As the PCRA court explained, Appellant admitted that "Wilder was agreeable to authoring an affidavit in 1994. *See* Counsel letter, 5/5/94 (describing Wilder's purported willingness to assist [Appellant]." PCRA Court Opinion, 2. Appellant also admitted he knew Wilder's contact information. *Id*. *See also* Reply Brief, 9. "Despite [Appellant's] apparent familiarity with Wilder in the early '90s, he failed to either detail any efforts to contact him in the preceding decades or explain why such efforts would have been futile." *Id*.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  6/26/2024